James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
EZRA MAX PERRY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO COURTHOUSE

| | |
|---|---|
| EZRA MAX PERRY, an individual, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, a Delaware Statutory Trust, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; and TRANSWORLD SYSTEMS, INC., a California corporation and DOES 1 through 10, inclusive, | DEMAND FOR JURY TRIAL<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |
| Defendants. | |
| _____/ | |

Plaintiff EZRA MAX PERRY, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) and the Rosenthal

FDCPA, California Civil Code § 1788 *et seq.* (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

## VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the Sacramento Courthouse of this District because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Solano County.

## PARTIES

8. Plaintiff EZRA MAX PERRY ("Perry") is a natural person residing in the County of Solano, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h). Plaintiff was born in 1929 and was over the age of 65 when the events or omissions giving rise to this lawsuit occurred.

9. Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3 (NCT) is a Delaware statutory trust engaged in the business of collecting debts in this State with its principal place of business located in Delaware. NCT may be served by serving its Registered Agent, Wilmington Trust Company, whose business address is Rodney Square North, 1100 N Market St., Wilmington, DE 19890. Plaintiffs are informed and believe and thereon allege that NCT has no employees or officers but acts only through its servicer or subservicer.

10. Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION (P&F) is a California corporation engaged in the business of collecting debts in this State with its principal place of business located in California at 4545 Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. P&F may be served by serving its Registered Agent, Raymond Patenaude, whose business address is 4545

Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. The principal business of P&F is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. P&F regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt collection lawsuits. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. Defendant Transworld Systems, Inc. (TSI) is a California corporation (formerly known as NCO Financial Systems, Inc., a Pennsylvania corporation), currently registered with the California Secretary of State with an address of 360 N. Crescent Dr. S Bldg, Beverly Hills CA 90210. TSI may be served by serving CT Corporation System, 818 West Seventh St., #930, Los Angeles CA 90017. TSI is engaged in the business of collection of consumer debts and hiring attorneys to file and maintain civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. Plaintiff is informed and believes and thereon alleges that TSI directs and manages litigation on behalf of entities such as NCT, by referring NCT's cases to law firms such as P&F. TSI claims to be the Subservicer on behalf of NCT and similar student loan trusts and claims to be the dedicated custodian of records for the trusts. As such, TSI executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiff is informed and believes, and thereon alleges, that TSI provided information about plaintiff to P&F which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiff is informed and believes and thereon alleges that TSI provided residence address information to P&F and TSI provided documents to P&F purporting to establish that Plaintiff was in a Debtor-Creditor relationship with NCT, to ratify and support P&F's attempt to collect consumer debt from Plaintiff. TSI provided

an affidavit signed by one of its employees to be filed in Superior Court for the purpose of obtaining a default judgment against Plaintiff. TSI regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. TSI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

13. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent,

servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## FACTUAL ALLEGATIONS

### The Underlying Alleged Debt

16. In about 2005, Plaintiff is alleged to have co-signed or guaranteed a financial obligation, namely a consumer credit account ("the alleged debt"). The alleged debt was incurred by the principal borrower primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

17. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was transferred by the original creditor and later claimed by an entity known as National Collegiate Student Loan Trust 2005-3, a Delaware statutory trust (hereinafter "NCT").

18. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Defendants P&F and TSI for collection from Plaintiff.

### The *NCT v. Perry* State Court Complaint

19. On or about January 4, 2016, Defendants filed a lawsuit in the Superior Court of Solano County, captioned *National Collegiate Student Loan Trust 2005-3 v. Jeffery Perry, et al.*, Case No. FCS046435 ("the *NCT v. Perry* complaint"), which sought to collect $25,150.83 in damages, plus costs of suit.

20. In its First Cause of Action, the *NCT v. Perry* complaint states the following:

BC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) alleges that on or about (*date*): September 08, 2005 a written agreement was made between (*name parties to the agreement*): Plaintiff's assignor, BANK OF AMERICA, N.A. and JEFFERY PERRY, EZRA M PERRY

A copy of the agreement is attached as Exhibit A, or
The essential terms of the agreement are as follows:

Defendant(s) entered into a written contract with Plaintiff, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee of this contract. [remainder of BC-1 omitted]

BC-2 On or about (*date*): February 21, 2012
Defendant breached the agreement by … the following acts (specify): Defendant(s) failed to make payments on the contract as agreed, or otherwise defaulted upon the contract, and despite Plaintiff's demand Defendant(s) continues to refuse to pay plaintiff the amount owed under the contract. Defendant(s) is/are in default and under the terms of the contract, Plaintiff is entitled to the unpaid balance, interest, and costs.

21. Plaintiff is informed and believes and thereon alleges that the actual date of breach was prior to December 9, 2011.

22. The *NCT v. Perry* complaint was filed with the court on January 4, 2016, more than four years after December 9, 2011.

23. Plaintiff did not know about the *NCT v. Perry* complaint until he was served with summons on or about February 5, 2016.

24. Plaintiff is informed and believes, and thereon alleges, that the *NCT v. Perry* complaint misrepresented the character, amount and legal status of the alleged debt. Among other things, plaintiff is informed and believes that NCT cannot prove standing to sue on the alleged debt. For another, plaintiff is informed and believes that NCT was barred from bringing an action against plaintiff pursuant to the provisions of Code of Civil Procedure section 1799.95 because the co-signor disclosures did not comply with section 1799.91.

25. The California period of limitations to recover a defaulted consumer debt of this kind is four years from the date of breach.

26. NCT's claims against Plaintiff accrued more than four years prior to the filing of the *NCT v. Perry* complaint. As a result, the *NCT v. Perry* complaint was time-barred.

27. In his answer (as amended) to the *NCT v. Perry* complaint, plaintiff asserted the affirmative defenses that [p]laintiff [NCT]'s causes of action were barred by the statute of limitations in California Code of Civil Procedure section 337(1).

28. By filing and maintaining the *NCT v. Perry* complaint, Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken. A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt.[1] Payments by the borrower or any other reason to toll the statute of limitations do not apply to plaintiff as co-signor or guarantor.[2]

29. Defendants' co-signer disclosures contained in the loan documents do not comply with applicable state and federal law.

30. California Civil Code section 1799.91 and 16 Code of Federal Regulations section 444.3 require that a consumer credit contract contain the following language prior to a co-signer becoming liable on the debt:

> NOTICE TO COSIGNER
> You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
> You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
> The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you,

---

[1] *McCollough v. Johnson, Rodenburg & Lauinger,* 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger* 637 F. 3d 939 (9th Cir. 2011)

[2] *Purdy v. Maree* (1939) 31 Cal.App.2d 125, 127.

garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

31. The CFR provision, in subdivision (c), requires that the disclosure be given to the co-signer, *prior to becoming obligated*, in a separate document containing the required statement, and no other. Plaintiffs are informed and believes and thereon allege that the required language was not contained in a separate document containing no other statements. As a result, defendants could not comply with the Code of Federal Regulations and the attempt to collect was an unfair practice.

32. Further, California Civil Code section 1799.91 requires that the notice contain the required language in both English and Spanish in at least 10-point type. Plaintiffs are informed and believe and thereon allege that the notice was not provided in 10-point type. Therefore, defendants failed to comply with California law. As a result, plaintiff cannot be liable on the loan as a co-signer pursuant to California law.

33. Plaintiff's causes of action with regard to California Civil Code section 1799.91 and 16 Code of Federal Regulations section 444.3 did not accrue until he was served with the complaint.[3]

34. Defendants' multiple acts of misconduct during the litigation, including filing and maintaining the lawsuit in an attempt to collect a time-barred debt, seeking to collect a debt which NCT did not have the right to collect, are false, deceptive or misleading representations, and unfair or unconscionable means in

---

[3] Lyons v. Michael & Assocs., 824 F.3d 1169 (9th Cir.); *Engstrom v. Kallins* (1996) 49 Cal.App.4th 773, 783.

- 9 -
COMPLAINT

connection with the collection of debt,[4] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[5]

35. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined at trial.[6]

36. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff brings the first claim for relief against Defendants P&F and TSI under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

38. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

39. Plaintiff EZRA MAX PERRY is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

40. Defendant TSI is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

41. Defendant P&F is a "debt collector" as that term is defined by the

---

[4] 15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[5] *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

[6] *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

FDCPA, 15 U.S.C. § 1692a(6).

42. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

43. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

    a. using the courts in an attempt to collect a time-barred debt in violation of 15 U.S.C. §§ 1692e and 1692f;

    b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10)

    d. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

44. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

46. Pursuant to California Civil Code § 3345, Plaintiff is entitled to an award of up to three times greater than the amount authorized by 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff brings the second claim for relief against Defendants NCT, P&F and TSI under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

48. Plaintiff incorporate all paragraphs in this Complaint as though fully set forth herein.

49. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

50. Defendant NCT is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

51. Defendant P&F is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

52. Defendant TSI is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

53. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

54. Defendants NCT, P&F and TSI violated the RFDCPA, California Civil Code §§ 1788.13(e) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

    a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

    b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

    c. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

55. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

56. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

57. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

58. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

59. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

60. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

<u>Violation of Welfare & Institutions Code section 15657.6</u>

61. Plaintiff brings the third claim for relief against Defendants NCT, P&F and TSI under for violations of Welfare & Institutions Code section 15657.6.

62. Plaintiff incorporates all paragraphs in this complaint as though fully set forth herein.

63. Plaintiff is an "elder" within the meaning of Welfare & Institutions Code section 15610.27.

- 13 -

64. By engaging in the above-described acts, defendants, and each of them, exercised undue influence over Plaintiff, violated Welfare & Institutions Code section 15657.6 and engaged in a course of conduct which constituted a "taking, secreting, appropriating, obtaining or assistance in taking, secreting, appropriating, obtaining" of property within the meaning of Welfare & Institutions Code section 15610.30 and relevant case law.

65. Pursuant to Welfare & Institutions Code section 15610.30(b), there is a conclusive presumption of a taking, secreting, appropriating, obtaining or assistance in taking, secreting, appropriating, obtaining if the person or entity knew or should have known that the conduct was likely be harmful to the elder or to his rights in his real or personal property.

66. Defendants, and each of them, knew or should have known that the aforementioned conduct was likely to he harmful to the elder and to his property rights.

67.  As a result of the foregoing, Plaintiff is entitled to actual damages, compensatory damages, and an award of reasonable attorney fees pursuant to Welfare & Institutions Code section 15657.5.

<u>Violation of Welfare & Institutions Code section 15610.30</u>

68. Plaintiff brings the fourth claim for relief against all defendants, and each of them, under Welfare & Institutions Code sections 15610.30 and 15657.5.

69. Plaintiff incorporates all paragraphs in this complaint as though fully set forth herein.

70. Plaintiff is an "elder" within the meaning of Welfare & Institutions Code section 15610.27.

71. By engaging in the above-described acts, defendants, and each of them, exercised undue influence over Plaintiff and violated Welfare & Institutions Code section 15610.30, committing a course of conduct which constituted a "financial abuse" within the meaning of Welfare & Institutions Code section 15610.30 and

relevant case law. Such an act is a "taking" or other financial abuse under Welfare & Institutions Code section 15610.30 even if the attempt is not successful.[7]

72. Pursuant to Welfare & Institutions Code section 15610.30(b), there is a conclusive presumption of a taking, secreting, appropriating, obtaining or assistance in taking, secreting, appropriating, obtaining if the person or entity knew or should have known that the conduct was likely be harmful to the elder or to his rights in his real and personal property.

73. Defendants, and each of them, knew or should have known that the aforementioned conduct was likely to he harmful to the elder and to his property rights.

74. By engaging in the above-described acts, defendants were reckless, oppressive, fraudulent and malicious in the commission of the financial abuse as described in Welfare & Institutions Code section 15657.5.

75. As a result of the foregoing, Plaintiff is entitled to actual damages, compensatory damages, punitive damages and an award of reasonable attorney fees pursuant to Welfare & Institutions Code section 15657.5, and the limitations of Code of Civil Procedure section 377.34 on the damages recoverable do not apply.

## REQUEST FOR RELIEF

Plaintiffs request that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants P&F and TSI violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants NCT, P&F and TSI violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.15(b), 1788.17 and 1788.18(b);

---

[7] *Bounds v. Superior Court (KMA Group)*, 229 Cal.App.4th 468, 478-480 (2014 - 2d Dist.).

    d) Declare that Defendants NCT, P&F and TSI violated Welfare & Institutions Code sections 15657.6, 15610.30 and 15657.5;

    e) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

    f) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    g) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

    h) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

    i) Award Plaintiffs the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)), 1788.30(c), Welfare & Institutions Code section 15657.5; and

    j) Award Plaintiffs such other and further relief as may be just and proper.

DATED: February 5, 2017                  /s/ James A. Michel
                                                JAMES A. MICHEL
                                                State Bar No. 184730
                                                2912 Diamond St #373
                                                San Francisco CA 94131
                                                Tel. # 415/ 239-4949
                                                Email: attyjmichel@gmail.com

                                                Attorney for Plaintiff
                                                EZRA MAX PERRY

<u>DEMAND FOR JURY TRIAL</u>

    PLEASE TAKE NOTICE that Plaintiff EZRA MAX PERRY hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: February 5, 2017                  /s/ James A. Michel
                                                JAMES A. MICHEL

COMPLAINT